UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1886 JGB (SHKx)** | Date | October 30, 2018 |
|---|---|---|---|
| Title | *Stefanie Torres v. Hobby Lobby Stores, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 14) and (2) VACATING the November 5, 2018 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Stefanie Torres's Motion to Remand. ("Motion," Dkt. No. 14.) The Court finds this Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of and in opposition to the Motion, the Court GRANTS the Motion and VACATES the hearing scheduled for November 5, 2018.

## I.   BACKGROUND

On May 18, 2018, Plaintiff filed this action in the Superior Court of California, County of Riverside, under the caption Stefanie Torres v. Hobby Lobby Stores, Inc., Case No. MCC1800554. ("Complaint," Dkt. No. 1-3.) Plaintiff alleges that on May 20, 2016, she slipped and fell on the premises of a Hobby Lobby store located at 26443 Ynez Road, Temecula, California, resulting in injury, and that her fall was due to Defendant negligently allowing a liquid to remain on the floor of the Hobby Lobby store. (Compl. at 2.) Plaintiff alleges one cause of action for negligence. (Id. at 1.)

Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") removed the action on September 5, 2018. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the instant Motion on October 5, 2018. (Dkt. No. 14.) Defendant opposed the Motion on October 15, 2018. Plaintiff did not file a reply.

## II.  LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," such that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The Court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court should first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). When the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Simmons, 209 F. Supp. 2d at 1031. The defendant bears the burden of establishing the amount in controversy at removal by a preponderance of the evidence. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). Therefore, the defendant must offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

## III.  DISCUSSION

### A.  Amount in Controversy

At issue is whether the amount in controversy in this matter exceeds $75,000. In its Notice of Removal, Hobby Lobby invoked diversity jurisdiction under 28 U.S.C. § 1332(d) and stated that, based on allegations in the Complaint and information obtained from Plaintiff's counsel, it had the good faith belief that the amount of Plaintiff's damages would exceed $75,000. (Notice of Removal ¶ 4.) Defendant also alleged that Plaintiff "sustained a tear of the meniscus" and "had surgery for her left knee injury," which would result in damages for medical expenses and lost wages. (Id. ¶ 5.) Defendant's Notice of Removal did not include any evidence as to Plaintiff's medical treatment or the extent of her injuries.

The Court finds that Defendant has not met its burden of demonstrating by a preponderance of the evidence that the jurisdictional amount of $75,000 has been satisfied. While the Notice of Removal alleged that Plaintiff has undergone knee surgery, it now appears that this allegation was made in error and that both parties agree that Plaintiff has not had knee

surgery. (Declaration of Brian Decl., Dkt. No. 14-2 ¶ 4; Declaration of Daniel L. Ferguson, Dkt. No. 15-1 ¶ 3.) However, Defendant claims that, based on conversations with Plaintiff's counsel, Plaintiff may have surgery in the future to address knee injuries arising from her fall. (Ferguson Decl., Dkt. No. 15-1 ¶¶ 3, 6.)

Damages for costs of future medical care incurred as the result of Plaintiff's fall may properly be included as part of the amount in controversy. See Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417–18 (9th Cir. 2018) (the "mere futurity" of damages dos not preclude them from being part of the amount in controversy). However, even accepting that Plaintiff will undergo knee surgery as the result of her fall, the Court still finds that Defendant has not carried its burden of showing that the amount in controversy exceeds $75,000. Though Plaintiff seeks damages for bodily injury, mental and physical pain and suffering, medical expenses, and back pay, the only evidence that Defendant offers as to the amount in controversy is the declaration of Defendant's counsel, Daniel L. Ferguson, which states that "based on [Ferguson's] experience defending cases of this nature, a surgical knee case typically has a value in excess of $100,000." (Ferguson Decl., Dkt. No. 15-1 ¶ 3.) Such a conclusory declaration is insufficient to meet Defendant's burden.

The amount in controversy must be established by "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). The amount cannot be established by "mere speculation and conjecture…" Id. Bald recitations of an amount in controversy "without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition" are also insufficient. Gaus, 980 F.2d at 567. Here, Defendant offers no evidence as to the likely cost of Plaintiff's surgery or the amount of other likely damages, and Attorney Ferguson is not qualified to testify as to the likely costs of Plaintiff's future medical care. Defendant has not cited to damages awards in similar cases arising in this jurisdiction or the Superior Court of California, Riverside. In the absence of evidence beyond the Ferguson Declaration, the Court finds that Defendant has not met its burden.[1]

## B. Jurisdictional Discovery

Defendant requests limited jurisdictional discovery as to the amount in controversy. In light of Defendant's limited efforts to produce evidence in support of removal, the Court finds that jurisdictional discovery is not warranted. Removal statutes are to be construed narrowly and in favor of remand in order to protect the jurisdiction of state courts. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). Premature and protective removals, such as this one, are therefore disfavored, particularly when Defendant is then unable to produce evidence that jurisdiction lies with this court. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 691

---

[1] Defendant's invitation to Plaintiff to defeat jurisdiction by "denying that she seeks in excess of $75,000" is not only an improper attempt to shift the burden of proof to Plaintiff to establish that jurisdiction is not warranted, but also smacks of crude gamesmanship, which the Court does not view favorably.

(9th Cir. 2006). The Court finds that remand, rather than jurisdictional discovery, is appropriate here and DENIES Defendants' motion for jurisdictional discovery.

### C. Attorneys' Fees

Plaintiff moves for attorneys' fees and costs incurred as a result of removal under 28 U.S.C. § 1447(c). Under Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court finds that a grant of attorneys' fees is not warranted. Absent unusual circumstances, the Court may award attorneys' fees "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). This policy balances "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" against "Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin, 546 U.S. at 140. Though Defendant has not carried its burden with regards to the amount in controversy, the Court does not find that it lacked an objectively reasonable basis for seeking removal in the first instance. Section § 1447(c) is not meant to discourage removal in "all but obvious cases." Gardner v. UICI, 508 F.3d 559, 563 (9th Cir. 2007) (quoting Martin, 546 U.S. at 140). Defendant's misunderstanding that Plaintiff had undergone, and sought damages for, knee surgery was an objectively reasonable basis for the good faith belief that the amount in controversy exceeded $75,000. Plaintiff's request for attorneys' fees is therefore DENIED.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's motion to remand is GRANTED. Defendant's motion for jurisdictional discovery is DENIED. Plaintiff's request for attorneys' fees resulting from removal is DENIED. The November 5, 2018 hearing is VACATED.

**IT IS SO ORDERED.**